## BURANDOUS KENNEDY *v.* STATE OF MARYLAND

[No. 452, September Term, 1979.]

*Decided February 7, 1980.*

The cause was submitted on briefs to THOMPSON, MOORE and MELVIN, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Michael R. Malloy, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, F. Ford Loker, Assistant Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Jimmy L. Hill, Assistant State's Attorney for Montgomery County,* for appellee.

THOMPSON, J., delivered the opinion of the Court.

In July, 1978, in the Circuit Court for Montgomery County, Burandous Kennedy, appellant, was convicted by a jury of first degree rape. He was sentenced to life imprisonment. On appeal he contends that (1) the trial court erred in admitting his confession which was taken in violation of Maryland District Rule 723 a; and (2) the trial court erred by permitting the prosecuting witness to make an incourt identification of appellant since it was based on an impermissibly suggestive pretrial photographic lineup.

The record shows that appellant was arrested by Takoma Park Police between 8:15 and 8:30 a.m. on August 23, 1977, when he was apprehended at the scene of a rape not related to that charged in the instant case. He was transported to Takoma Park Police Station at about 9:00 a.m. and placed in a holding cell. At approximately 1:30 p.m. that afternoon, appellant was given *Miranda* rights and interrogated for about two hours. At the outset of the interrogation, the detective gave appellant information about two rapes, other than the one for which he had been arrested, in which his photograph had been identified by the victims. The detective told appellant that he was the suspect of several other rapes. Appellant made several incriminating statements during this period of questioning unrelated to the instant charge. Later that day, appellant was questioned by D.C. police about certain rapes that had taken place in that city. Shortly after 8:00 p.m. that evening, appellant was taken before a Commissioner in the Silver Spring Police Station where he was advised of his rights pursuant to M.D.R. 723 a. Although charging documents in three other cases were filed against

him, no charging document in the instant case was filed at that time. On August 24, 1977, appellant was taken before a District Court judge in Montgomery County to be charged in certain other cases. Again, he was not charged in the instant case. At approximately 8:15 p.m. on August 24, appellant confessed to the rape in the instant case after a detective told him he had been identified by the prosecuting witness. Appellant also made incriminating statements on August 25, when he was driven to the scene of the rape. None of the incriminating statements made during the period of illegal detention related to the instant rape. In the suppression hearing, the trial court, relying on *Johnson v. State,* 282 Md. 314, 384 A.2d 709 (1978), ruled that there was an unnecessary delay in violation of M.D.R. 723 a between the arrest of the appellant and his presentation to the Commissioner on August 23, and thus any statements made before he was presented to the Commissioner must be excluded. The court also ruled that the confessions at issue in this case, made after appellant came before a Commissioner, were not tainted by the earlier statements taken in violation of Rule 723 a. The record shows that the appellant was not indicted for the instant rape until September 23, 1977.

Relying on *Harrison v. United States,* 392 U.S. 219, 88 S. Ct. 2008, 20 L. Ed. 2d 1047 (1968), appellant argues the confessions of August 24th and 25th were tainted by the earlier confession. No argument was presented that the confessions were not voluntary, or taken without giving *Miranda* warnings, rather the argument is that the "fruit of the poisonous tree" doctrine applies to the rule of *Johnson v. State, supra,*[1] where the Court of Appeals held that confessions taken in violation of Rule 723 a must be excluded. In *Johnson v. State,* the appellant made two incriminating statements concerning two different crimes. One statement was made prior to his appearance before the Commissioner and the second was made after. The Court of Appeals

---

1. Johnson was patterned after the McNabb-Mallory Rule adopted by the Supreme Court in Mallory v. United States, 354 U.S. 449, 77 S. Ct. 1356, 1 L. Ed. 2d 1479 (1957); Upshaw v. United States, 335 U.S. 410, 69 S. Ct. 170, 93 L. Ed. 100 (1948) and McNabb v. United States, 318 U.S. 332, 63 S. Ct. 608, 87 L. Ed. 819 (1943).

suppressed both statements. The Court found that the first statement, made during an unnecessary delay, was clearly in violation of M.D.R. 723 a. The second statement, made after appellant was taken to the Commissioner, was suppressed because:

> "We cannot say, on the record before us, that the second confession was an independent act, occurring after time for deliberate reflection and therefore free from the taint of the preceding illegal detention. In sum, then, unless appellant waived his right to prompt presentment before a judicial officer, both statements implicating him in the crimes of January 13 and 24, should have been excluded from evidence, having been obtained in clear violation of M.D.R. 723 a." 282 Md. at 330, 384 A.2d at 718.

Thus, if the first confession is taken in violation of Rule 723 a, the State must prove that the subsequent confession given after a criminal defendant is taken before a Commissioner is "an independent act, occurring after time for deliberate reflection." In the instant case, the August 23rd confession which the lower court found was taken in violation of M.D.R. 723 a, did not taint the confessions of August 24th and 25th. This holding is supported by three recent cases interpreting *Johnson: Meyer v. State,* 43 Md. App. 427, 406 A.2d 427 (1979), *cert. denied,* 286 Md., December 20, 1979; *Davis v. State,* 42 Md. App. 546, 402 A.2d 77 (1979), *cert. denied,* 286 Md., September 10, 1979; *Chaney v. State,* 42 Md. App. 563, 402 A.2d 86 (1979), *cert. denied,* 286 Md., September 10, 1979.

More importantly, the case of *Ryon v. State,* 29 Md. App. 62, 71-72, 349 A.2d 393 (1975), *aff'd,* 278 Md. 302, 363 A.2d 243 (1976), provides the principles for determining whether the instant confessions were tainted by the earlier confession:

> "4) Admissibility of such statements, *vel non,* must be answered on the facts of each case, upon consideration of:
>
> > (a)  the voluntariness of the statement, which is a threshold requirement;

(b) compliance with the *Miranda* safeguards, which is important in determining whether the statements were obtained by exploitation of the illegal conduct;

(c) other relevant factors, such as

    (i) the temporal proximity of the arrest and the confession;

    (ii) the presence of intervening circumstances; and

    (iii) 'particularly, the purpose and flagrancy of the official misconduct.' " 29 Md. App. at 71-72.

As we have said, the voluntariness of the statement and compliance with the *Miranda* safeguards are not contested by appellant. The "other relevant factors" also support a finding that whatever taint flowed from the confessions prior to the "Initial Appearance" hearing had been attenuated by the time the contested confessions in the instant case were made.

(1) *Temporal Proximity:* The arrest for the unrelated rape occurred on August 23, 1977, at 8:30 a.m. The confession to the rape in the instant case began at 8:15 p.m. on August 24, 1977.

(2) *Intervening Circumstances:* The most important intervening events were appellant's hearings before the District Court Commissioner, pursuant to M.D.R. 723 a at 8:30 p.m. on the day of arrest, August 23, 1977, and the appearance for bail review before the Judge of the District Court the following morning. Also pertinent is the record of numerous oral and written advisements of the *Miranda* rights by various police officers, from 1:00 p.m. on August 23, 1977 to 8:15 p.m. on August 24, 1977.

(3) *Official Misconduct:* There was credible evidence presented to the lower court that appellant was at all times well-treated by the police. There was no evidence of any purposeful official misconduct.

Based on these factors we hold that appellant's confessions

to this rape were not tainted by his previous confessions which were in violation of Rule 723 a.

Appellant additionally contends that M.D.R. 723 a was violated because he was not presented before a magistrate within a reasonable time after there was probable cause to arrest him. Appellant contends that he was under arrest on the instant charge from 3:30 p.m. on August 24, when his photograph was identified by the rape victim. We do not agree that he was under arrest simply because there was probable cause to arrest him. In *Bouldin v. State,* 276 Md. 511, 350 A.2d 130 (1976), the Court of Appeals set out the factors necessary for an arrest:

> "It is generally recognized that an arrest is the taking, seizing, or detaining of the person of another (1) by touching or putting hands on him; (2) or by any act that indicates an intention to take him into custody and that subjects him to the actual control and will of the person making the arrest; or (3) by the consent of the person to be arrested. 5 Am. Jur. 2d *Arrest* § 1 (1962). It is said that four elements must ordinarily coalesce to constitute a legal arrest: (1) an intent to arrest; (2) under a real or pretended authority; (3) accompanied by a seizure or detention of the person; and (4) which is understood by the person arrested. 6A C.J.S. *Arrest* § 42 (1975); Creamer, *The Law of Arrest, Search and Seizure,* ch. 3, at 49 (1968).

> "We have defined an arrest in general terms as the detention of a known or suspected offender for the purpose of prosecuting him for a crime. *McChan v. State,* 238 Md. 149, 207 A.2d 632 (1965); *Cornish v. State,* 215 Md. 64, 137 A.2d 170 (1957). Our cases make clear, as *McChan* states, that in ordinary circumstances 'there is a detention only when there is a touching by the arrestor or when the arrestee is told that he is under arrest and submits [but] [w]here there is no touching, the intention of the arrestor and the understanding of the arrestee are

determinative, *for in order for there to be an arrest in such case, there must always be an intent on the part of one to arrest the other and an intent on the part of such other to submit.'* 238 Md. at 157. Ordinarily, therefore, there can be no arrest where there is no restraint or where the person sought to be arrested is not conscious of any restraint." 276 Md. at 515-16. (emphasis added).

These elements were not satisfied because the police had no intention of arresting appellant on the instant charge at that time. The State decided to proceed by indictment and not by an arrest. In *United States v. Lovasco,* 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977), the Supreme Court stated:

"It should be equally obvious that prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt. To impose such a duty 'would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself,' *United States v. Ewell, supra,* 383 U.S., at 120, 86 S. Ct., at 776. * * * From the perspective of law enforcement officials, a requirement of immediate prosecution upon probable cause is equally unacceptable because it could make obtaining proof of guilt beyond a reasonable doubt impossible by causing potentially fruitful sources of information to evaporate before they are fully exploited. And from the standpoint of the courts, such a requirement is unwise because it would cause scarce resources to be consumed on cases that prove to be insubstantial, or that involve only some of the responsible parties or some of the criminal acts. Thus, no one's interests would be well served by compelling prosecutors to initiate prosecutions as soon as they are legally entitled to do so." 97 S. Ct. at 2049-50. (footnotes omitted).

We hold that *Johnson v. State* does not require that confessions, made before an actual arrest but after there is probable cause to arrest, be suppressed, even though the accused is being held for other crimes.

Appellant's second contention is that the incourt identification by the victim was the result of a suggestive extrajudicial photographic lineup. The victim was told before being presented the photographic array that the police had a suspect in custody. The police suggested to her that "she should pick someone out." She was shown five pictures. She chose one but stated she "wasn't sure about the mouth." Then she was shown five more pictures. With regard to the second set of pictures, she testified, "the first picture I saw, I knew it was it." She testified that she had been sure of the second photograph she picked out. The evidence indicated that she had an opportunity to view her assailant's face during the assault. The court ruled that the pretrial identification was not improper or illegal.

In *Simmons v. United States,* 390 U.S. 377, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968), the Court stated:

"[E]ach case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." 88 S. Ct. at 971.

In view of the very positive photographic identification, in the instant case the police statements did not raise a substantial likelihood of irreparable misidentification. The victim's incourt identification was properly admitted.

*Judgment affirmed.*
*Appellant to pay the costs.*